﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 190618-23306
DATE: January 31, 2020

ORDER

The September 2018 Notice of Disagreement (NOD) was timely regarding the issues of entitlement to service connection for posttraumatic stress disorder (PTSD), major depression, and insomnia, claimed as secondary to PTSD.

FINDING OF FACT

The September 2018 Notice of Disagreement (NOD) was timely regarding the issues of entitlement to service connection for posttraumatic stress disorder (PTSD), major depression, and insomnia, claimed as secondary to PTSD.

CONCLUSION OF LAW

The September 2018 Notice of Disagreement (NOD) was timely regarding the issues of entitlement to service connection for posttraumatic stress disorder (PTSD), major depression, and insomnia, claimed as secondary to PTSD. 38 U.S.C. § 7105 (2012); 38 C.F.R. §§ 20.201, 20.302 (2017).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from August 1984 to May 1991. These matters come before the Board of Veterans’ Appeals (Board) on appeal from a November 2017 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran submitted a Decision Review Request in June 2019 and elected direct review by a Veterans Law Judge.

1. Timeliness of the September 2018 Notice of Disagreement.

The Veteran contends that the November 2017 rating decision was timely appealed. After review of the evidence, Board the agrees and finds the September 2018 NOD timely and the claims on appeal are remanded for issuance of a Statement of the Case (SOC).

Generally, after a decision has been issued by the Agency of Original Jurisdiction (AOJ), an appeal to the Board consists of a timely filed NOD in writing and, after a Statement of the Case (SOC) has been furnished, a timely filed Substantive Appeal. 38 C.F.R. §§ 20.200, 20.201.

An NOD is a written communication filed with the AOJ that, among other things, expresses dissatisfaction or disagreement with an adjudicative determination. 38 C.F.R. § 20.201. Effective March 24, 2015, VA will only accept an expression of dissatisfaction or disagreement with an adjudicative determination by the AOJ as an NOD if it is submitted on a standardized form (VA Form 21-0958, NOTICE OF DISAGREEMENT) provided by VA for the purpose of appealing the decision, in cases where such a form is provided. See 38 C.F.R. § 20.201(a). An NOD may be filed by the claimant, his fiduciary, or such accredited representative, attorney, or authorized agent as he/she may select. 38 U.S.C. § 7105(b)(2); 38 C.F.R. § 20.301(a).

The time limit for the filing of an NOD is governed by 38 C.F.R. § 20.302(a), which provides that a claimant, or his or her representative, must file an NOD with a determination by the AOJ within one year from the date that that agency mails notice of the determination to him or her. Otherwise, that determination will become final. The date of mailing the letter of notification of the determination will be presumed to be the same as the date of that letter for purposes of determining whether an appeal has been timely filed. See also 38 U.S.C. § 7105.

Here, a November 2017 rating decision denied service connection for PTSD, major depression, and insomnia. In August 2018, the Veteran submitted a completed VA Form 21-22a appointing S.K. as his representative. In the Limitation of Representation section, the Veteran indicated that there were no limits on representation and that T.F. was also authorized to assist on the claim.

In September 2018, the Veteran, through his representative, submitted a completed VA Form21-0958, signed by T.F., that indicated disagreement with the November 2017 rating decision.

In a September 2018 letter, the RO accepted the September 2018 NOD and indicted the steps that would be taken with the claims. In April 2019, the RO then indicated that because the September 2018 NOD was signed by T.F. it was incomplete. The Veteran’s representative submitted a subsequent NOD signed by S.K. in June 2019. A June 2019 letter from the RO found the June 2019 NOD was not timely either.

The Veteran appealed the issue of timeliness of the NOD. 

The Board finds that the September 6, 2018 VA Form 21-0958 was a timely NOD, as it was submitted within a year of the November 2017 rating decisions, expressed dissatisfaction with the AOJ's determinations, and was signed by the Veteran’s accredited representative. See 38 C.F.R. § 14.629(c) (2017). Specifically, the August 2018 VA Form 21-22a, signed by the Veteran, appointed S.K. as the representative and indicated that T.F. was also authorized to assist on the claim. A Review of VA’s Accreditation Database indicated that both S.K. and T.F. are properly accredited agents with VA. (Accessed January 24, 2020). Therefore, the Board finds the September 2018 NOD timely.

(Continued on the next page)

 

These issues on the merits have not yet been addressed by the AOJ in an SOC and the AOJ should take appropriate action upon receiving this decision.

 

 

H. SEESEL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Teague, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.